UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TEQUILA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CV-362-KAC-JEM |
| ) | |
| PSYCHIATRIC SERVICES OF ) | |
| EAST TENNESSEE, LLC, ) | |
| RECOVERY STAFFING, INC., and ) | |
| JAMES R. STUBBLEFIELD, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 26] by United States District Judge Catherine Crytzer.

Now before the Court is Plaintiff's Second Motion for Default Judgment [Doc. 25]. On February 25, 2025, the Court entered an Order to Show Cause [Doc. 27], directing Defendants to appear before the undersigned on March 31, 2025, at 1:30 p.m., to show cause why default judgment should not be entered against them [*Id*. at 1]. The Court also directed Plaintiff to be prepared to submit proof of her damages at the hearing [*Id*. at 2].

On March 31, 2025, Attorney John Leatherwood appeared on behalf of Plaintiff, who was present at the hearing. Defendants did not appear. For the reasons explained below, the Court **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's motion [**Doc. 25**].

## I. BACKGROUND

On October 4, 2023, Plaintiff filed a Complaint, alleging violations of the Fair Labor Standards Act ("FLSA") [Doc. 1]. She states that she was employed by Defendants as the program director and was paid on an hourly basis [*Id*. ¶ 5]. According to the allegations in the Complaint, Defendant Psychiatric Services, LLC of East Tennessee ("Psychiatric Services") "has several treatment centers for recovering drug addicts throughout the State of Tennessee" [*Id*. ¶ 12]. Defendant Recovery Staffing, Inc. ("Recovery Staffing") provides staffing for Defendant Psychiatric Services" [*Id*. ¶ 13]. "[And] Defendant James R. Stubblefield is the [p]resident and owner of [Defendant] Recovery Staffing" [*Id*. ¶ 8]. Plaintiff alleges that he "implemented and administered the timekeeping and pay policies and practices of [Defendant] Psychiatric Services . . . and was responsible for such policies and practices" [*Id*. ¶ 16].

Plaintiff claims that she "routinely worked in excess of forty (40) hours per week performing her [p]rogram [d]irector duties" [*Id*. ¶ 17]. "More specifically," she alleges, "[she] worked in excess of 10 to 12 hours each seven-day week periods at Defendants['] offices and then in an 'on call' capacity for at least four additional hours for each such work day (communicating with clients, management, and others on work-related issues),within weekly pay periods" [*Id*.]. "Although Plaintiff was paid for a portion of her overtime hours," she asserts that "Defendants failed to pay her for all the overtime hours within the weekly pay period at the applicable FLSA overtime compensation rates of pay" [*Id*. ¶ 18]. She states that Defendants were aware that she was not receiving all her overtime compensation pay [*Id*. ¶ 19]. According to Plaintiff, she is therefore "entitled to receive from Defendants unpaid overtime compensation for all hours worked in excess of 40 hours per week within weekly pay periods" [*Id*. ¶ 20].

Plaintiff seeks "compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA" [*Id*. ¶ 35 (citation omitted)].

Pursuant to the executed summonses [Doc. 7], Defendants were personally served on October 27, 2023. They did not respond to the lawsuit, and Plaintiff moved for entry of default [Docs. 11 & 12]. On May 2, 2024, the Clerk entered defaults against Defendants [Docs. 14–16]. On August 22, 2024, Plaintiff filed a motion for default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure, requesting that judgment be entered against Defendant Psychiatric Services for $66,240.00 [Docs. 19, 19-1, 19-2]. On August 23, 2024, Judge Crytzer entered a Show Cause Order directing Plaintiff to show cause why her claims against Defendants Recovery Staffing and Stubblefield should not be dismissed [Doc. 20]. Subsequently, on August 30, 2024, Plaintiff moved for default judgment against Defendants Recovery Staffing and Stubblefield [Docs. 21 and 22], respectively.

On December 2, 2024, the Chief Deputy Clerk denied Plaintiff's motions for default judgment, explaining that Plaintiff's reliance on Rule 55(b)(1) was incorrect because her damages were not for a "sum certain" [Doc. 24 p. 2]. He noted that Plaintiff may refile her motions pursuant to Rule 55(b)(2) [*Id*. at 3].

On January 7, 2025, Plaintiff filed the Second Motion for Default Judgment pursuant to Rule 55(b)(2), requesting that Defendants be found liable for violating the FLSA and that the Court set a hearing to determine damages [Doc. 25]. The Court ordered Defendants to appear on March 31, 2025, to address the matter and also directed Plaintiff to be prepared to proceed with her damages request at the hearing [Doc. 27].

## II. TESTIMONY

During the hearing, Plaintiff testified. She stated that she worked for Defendant Psychiatric Services from September 2022 to February 2023, approximately 25 weeks. She performed two jobs, the housing director and the program director, and she was paid $20 per hour. Her overtime rate was $30 per hour. Generally, Plaintiff testified, her work schedule was from 8:00 a.m. to 5:00 p.m., Monday through Friday. But she often worked after hours and on the weekends, both of which was off-the-clock. For example, Plaintiff testified that after she left work, she would receive telephone calls relating to client issues and she would have to go back to work. Plaintiff stated that these issues happened daily, including on the weekends. She testified that she spent approximately 40 overtime hours performing work each week off-the-clock.

## III. ANALYSIS

The undersigned recommends that Defendants be found liable for violating the FLSA and that Plaintiff be awarded her overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

### A. Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the clerk's entry of default, a party may apply for default judgment, and the Court may conduct a hearing—if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter—prior to entering default judgment. Fed. R. Civ. P. 55(b). Furthermore, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-plead allegations

in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)).

Taking as true the allegations in the Complaint [Doc. 1], the undersigned **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiff with respect to Defendants' violations of the FLSA. The undersigned accepts all such allegations and **FINDS**, based upon entry of default and in light of the unrebutted testimony of Plaintiff, that Defendants have violated the FLSA. Specifically, the undersigned finds that Plaintiff worked over 40 hours each week and was not paid overtime wages.

### B. Damages

Starting with overtime compensation, the FLSA requires that every employer pay its employees overtime compensation for hours worked over forty. 29 U.S.C. § 207(a)(1).[1] In support of her requested damages, Plaintiff testified that she worked 40 hours of overtime for approximately 25 weeks and was not paid for that time. She stated that her overtime rate was $30 per hour, which equals $30,000 in unpaid overtime wages. In light of her unrebutted testimony, the undersigned **RECOMMENDS** that she be awarded $30,000 in overtime compensation.

Plaintiff also seeks liquidated damages. The FLSA provides as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216. "[L]iquidated damages are compensatory, not punitive." *Stansbury v. Faulkner*, 443 F. Supp. 3d 918, 933 (W.D. Tenn. 2020) (citation omitted). "A court may exercise its

---

[1] Pursuant to the regulations, "[a]n employee's overtime entitlement . . . includes: (1) The straight time rate of pay times all overtime hours worked; plus (2) One-half times the employee's hourly regular rate of pay times all overtime hours worked." 5 C.F.R. § 551.512(a)(1)–(2).

5

discretion to limit or deny liquidated damages, but <u>only if</u> an employer demonstrates both good faith and reasonable grounds for failing to pay wages." *Id*. (citation omitted). By failing to respond to this lawsuit and failing to appear to the hearing, Defendants have not demonstrated both good faith and reasonable grounds for failing to pay wages. *See Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-CV-00653, 2022 WL 592945, at *3 (N.D. Ohio Feb. 28, 2022) (awarding liquidated damages finding that "Defendants did not enter an appearance, let alone offer evidence that they acted in good faith"). Plaintiff is therefore entitled to liquidated damages equal to the amount of unpaid wages, or $30,000. *See* 29 U.S.C. § 216(b).

Finally, Plaintiff requests that she be awarded her reasonable attorneys' fees [*See* Doc. 29]. The FLSA states that the court shall award reasonable attorney's fees and costs of the action. 29 U.S.C. § 216. In determining whether attorneys' fees are reasonable, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citation omitted). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id*. at 415–16 (citation omitted). "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

In support of her request for attorneys' fees, Plaintiff filed Attorney Leatherwood's affidavit [Doc. 29]. Counsel seeks attorneys' fees in the amount of $16,660.00 and costs in the amount $1,274.45, which results in a total request of $17,934.45 [*Id.* ¶¶ 8, 11–12]. He explains that his firm billed "roughly forty-seven (47) hours of attorney time prosecuting this matter[,]" which includes "thorough intake interviews with Plaintiff, legal research, drafting and filing pleadings against [D]efendants for the failure to respond, and preparing for and attending court hearings" [*Id.* ¶ 9]. After considering this affidavit, the undersigned finds the time spent in this case reasonable.

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the Court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)). And "even in the absence of a specific objection, 'the [c]ourt has an independent duty to review the fee request to determine its reasonableness.'" *Howard v. Tennessee*, No. 3:16-CV-2829, 2018 WL 10151080, at *4 (M.D. Tenn. Dec. 14, 2018) (quoting *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11-CV-316, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013)) (alteration in original).

With respect to the hourly rates requested, Plaintiff's counsel seeks $350 per hour for each attorney who worked on this case [Doc. 29 ¶ 11]. Attorney Gordon Jackson has forty years of experience, Attorney Leatherwood has three years of experience, Attorney Autry has one year of

experience, and Attorney Mays has less than one year experience [*Id*. ¶ 10]. The undersigned is familiar with the prevailing rate for attorneys practicing in the Eastern District of Tennessee and finds that the requested hourly rates are high and that Plaintiff's counsel has not provided sufficient support for such rates. *See Vanderhoef v. Dixon*, No. 3:16-CV-508, 2020 WL 6864543, at *6 (E.D. Tenn. May 4, 2020) (noting that it is "a common practice before this Court" to provide "supporting declarations of third-party attorneys to detail the reasonableness of the requested hourly rate"), *report and recommendation adopted*, No. 316CV00508, 2020 WL 4673464 (E.D. Tenn. Aug. 12, 2020).[2]

In assessing reasonableness, a court may look to "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011). Based on the undersigned's familiarity with the prevailing rates in Knoxville, Tennessee, and the history of this case, the undersigned recommends that Attorney Jackson be awarded $350 per hour, Attorney Leatherwood be awarded $200, Attorney Autry be awarded $175, and Attorney Mays be awarded $125 per hour. *See Elliott v. Krape Logistics*, No. 3:23-CV-369, 2024 WL 4541557, at *5 (E.D. Tenn. Oct. 22, 2024) (recommending that Attorney Leatherwood be awarded $200, Attorney Autry be awarded $175, and Mr. Mays be awarded $100 per hour in a FLSA case), *report and recommendation adopted sub nom. Elliott v. Krape Logistics, Inc.*, No. 3:23-CV-00369, 2024 WL 5411158 (E.D. Tenn. Nov. 13, 2024);[3]

---

[2]  Attorney Leatherwood states that "[t]his Court has found that a reasonable hourly rate for FLSA litigation is $350" [Doc. 29 ¶ 7 (citing *Edwards v. Sumiriko Tenn., Inc.*, No. 3:20-cv-83, Doc. 43 (E.D. Tenn. Aug. 20, 2020))]. But in the case cited by him, and unlike here, the parties agreed to the attorneys' fee. *See Edwards*, No. 3:20-cv-83, Doc. 42 (E.D. Ten. Aug. 20, 2020).

[3]  At the time United States Magistrate Judge Debra C. Poplin issued her Report and Recommendation, Attorney Mays had a supervised law license because he was waiting for his bar

8

Case 3:23-cv-00362-KAC-JEM   Document 30   Filed 04/07/25   Page 8 of 11   PageID #: 92

*see also Knisley v. Johnson*, No. 3:21-CV-420, 2022 WL 17718637, at *8 (E.D. Tenn. July 22, 2022) (recommending an attorney with fourteen years' experience be awarded $300 per hour in a FLSA case), *report and recommendation adopted*, No. 3:21-CV-420, 2022 WL 17718636 (E.D. Tenn. Aug. 10, 2022); *Chapman v. Jet Mall*, No. 1:14-CV-267, 2015 WL 2062099, at *3 (E.D. Tenn. Apr. 30, 2015) (awarding $260 per hour in a FLSA to an attorney who had practiced approximately seventeen years and had "extensive experience in the field of wage and hour cases").[4] The undersigned therefore recommends that Plaintiff be awarded attorneys' fees in the total amount of $10,160.

---

results. *Elliott*, 2024 WL 4541557, at *6. Given that Attorney Leatherwood refers to Mr. Mays as an attorney [Doc. 29 ¶ 2], the undersigned will treat him as such.

[4] *See also Gathering Spot, LLC v. Gathering Spot at Burlington Vill. LLC*, No. 3:22-CV-7, 2023 WL 3612399, at *5 (E.D. Tenn. May 1, 2023) (recommending the following attorneys' rates in a federal trademark infringement case: $315 per hour for an attorney with sixteen years of experience; $300 per hour for an attorney for with twelve years of experience; $250 per hour for an associate who did not provide his years of experience; $275 for an attorney who did not provide his years of service but provided his professional background), *report and recommendation adopted by* No. 3:22-CV-7, 2023 WL 3611541 (E.D. Tenn. May 23, 2023); *Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137, 2022 WL 4372350, at *4 (E.D. Tenn. Sept. 21, 2022) (awarding similar rates as in *Gathering Spot, LLC* in a case alleging breach of fiduciary duty, intentional interference with business relations, unfair competition, misappropriation of trade secrets, and civil conspiracy); *ERMC v. Millertown*, 3:19-CV-407 & 3:19-CV-408, Doc. 75 p. 7 (E.D. Tenn. Aug. 1, 2022) (explaining that an attorney who practiced for seven years charged $228.26, $260.60, and $298.90 from 2019 to 2021 in a breach of contract case); *Almanza v. Barr*, No. 3:15-CV-389, 2019 WL 13159729, at *9 (E.D. Tenn. Aug. 5, 2019) (recommending an attorney who graduated law school in 2006 but had been practicing employment law for eight years be awarded $260.00 per hour); *Vaughn v. Parkwest Med. Ctr.*, No. 3:15-CV-228, Doc. 117 p. 17 (E.D. Tenn. Feb. 15, 2019) (recommending award of $290 per hour for worked performed 2014 through 2018 for an attorney who had practiced approximately twelve years), *report and recommendation adopted by* 2019 WL 1290877, at *1 (E.D. Tenn. Mar. 20, 2019); *EEOC v. Dolgencorp, LLC*, No. 3:14-CV-441, 2017 WL 9517513, at *5 (E.D. Tenn. Aug. 7, 2017) (recommending $350.00 per hour for a litigator with twenty-four years of experience and $250.00 per hour for an attorney who graduated law school in 2006), *report and recommendation adopted by* 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018); *Jones v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:11-CV-00531, 2016 WL 4691294, at *4 (E.D. Tenn. Aug. 8, 2016) (recommending award of $345.00 per hour in a civil rights case where the attorney had thirty-eight years of experience), *report and recommendation adopted by* 2016 WL 4690398 (E.D. Tenn. Sept. 7, 2016).

Plaintiff states that her counsel "has incurred $1,274.45 in unreimbursed litigation expenses for this action[,]" which "include the filing fee, printing/copy expenses, legal research, service of process, etc." [Doc. 29 ¶ 8]. Given that Defendants have not objected, the undersigned recommends the "unreimbursed litigation expenses" in the amount of $1,274.45 be awarded. *See* 28 U.S.C. § 1920(5) (noting that docketing fees are recoverable costs); *Potter v. Blue Cross Blue Shield of Mich.*, 10 F. Supp. 3d 737, 773 (E.D. Mich. 2014) ("While the Sixth Circuit has not specifically addressed the issue of whether computer legal research, such as WESTLAW or LEXIS, is recoverable, a number of other courts have done so. . . . [And] those judges who have awarded the costs of computerized research are in the majority and the reasons for doing so are well founded." (citation omitted)); *Knisley*, 2022 WL 17718637, at *9 (recommending fees for filing, copies, and service of process be awarded). The undersigned therefore recommends Plaintiff be awarded costs in the amount of $1,274.45.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[5] as follows:

1. the Motion for Entry of Default Judgement **[Doc. 25]** be **GRANTED IN PART AND DENIED IN PART**;

2. the Defendants be **ADJUDGED** as having violated the FLSA; and

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370 (6th Cir. 1987).

3. judgment in the total amount of $71,434.45, plus post judgment interest be entered in Plaintiff's favor.[6]

The Clerk of Court is **DIRECTED** to send Defendants a copy of this Report and Recommendation at the addresses provided in [Doc. 7].

                                                  Respectfully submitted,

                                                  */s/ Jill E. McCook*
                                                  Jill E. McCook
                                                  United States Magistrate Judge

---

[6] The Court arrives at this final total as follows: $30,000 in overtime pay + $30,000 in liquidated damages, $10,160 in attorneys' fees, and $1,274.45 in costs.

11